MORGAN, LEWIS & BOCKIUS LLP
Barbara J. Miller, State Bar No. 167223
Roberta H. Kuehne, State Bar No. 225067
Alejandro D. Szwarcsztejn, State Bar No. 272371
P. Bartholomew Quintans, State Bar No. 308085
600 Anton Boulevard, Suite 1800
Costa Mesa, CA  92626-7653
Tel:     +1.714.830.0600
Fax:    +1.714.830.0700
barbara.miller@morganlewis.com
roberta.kuehne@morganlewis.com
david.szwarcsztejn@morganlewis.com
bart.quintans@morganlewis.com

Attorneys for Defendants
AMAZON.COM, LLC and
GOLDEN STATE FC LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN C. AVALOS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, LLC; a Delaware limited liability company; GOLDEN STATE FC, LLC, a Delaware limited liability company and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 1:18-cv-00567-DAD-BAM<br><br>**DEFENDANTS AMAZON.COM, LLC AND GOLDEN STATE FC LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>DATE:   August 7, 2018<br>TIME:    9:30 a.m.<br>CTRM.:  5, 7th Floor<br><br>Action Filed: January 12, 2018<br>FAC Filed:    April 19, 2018 |

Plaintiff Juan Avalos' ("Plaintiff") Opposition brief does nothing to change the conclusion that this Court should grant Amazon.com, LLC and Golden State FC LLC's ("Defendants") Motion to Dismiss the First Amended Complaint ("FAC"). As set forth in Defendants' Motion (Dkt. 27), the FAC fails to state a claim upon which relief can be granted. Plaintiff's tactics in filing the FAC, splitting his claims in a separate state-court action, and now in suggesting through his untimely Opposition that he seeks to amend his claims *again*, underscore the complete lack of merit to the FAC. In any event, nothing in Plaintiff's Opposition (Dkt. 31) overcomes the FAC's deficiencies, as discussed in Section II below. As set forth in Section III, any future amendment would be futile, because the proposed Second Amended Complaint has none of the specific factual allegations required to make Plaintiff's claims plausible. Dismissal of Plaintiff's FAC should, therefore, be with prejudice.

## I. PLAINTIFF CONCEDES THAT THE FAC DOES NOT CONTAIN HIS ACTUAL ALLEGATIONS

Plaintiff's Opposition has ignored a separate and independent basis of Defendants' Motion: Plaintiff's multiplication of litigation and avoidance of the efficient resolution of his claims through forum shopping.

Plaintiff's original Complaint, filed January 12, 2018, entered a crowded arena of overlapping lawsuits already addressing the allegations underlying his class and representative claims. Three other previously-filed cases have been deemed related and are pending before this Court: *Trevino v. Golden State FC LLC, et al.*, 1:18-cv-00120-DAD-BAM (filed July 11, 2017); *Ward, et al. v. Amazon, et al.*, 1:17-cv-01300-DAD-BAM (filed August 30, 2017); and *Palma v. Golden State FC LLC*, 1:18-cv-00121-DAD-BAM (filed November 27, 2017). In addition, multiple additional lawsuits involving the security-screening allegations in Plaintiff's original Complaint are coordinated for pretrial proceedings in an MDL – *In re: Amazon.com, Inc. Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour Litigation*, MDL No. 2504 before Judge David J. Hale.

As recounted in Defendants' Motion, Plaintiff removed his security-screening allegations from his original Complaint to avoid transfer to the MDL. The *same day* as filing the FAC,

Plaintiff filed a factually *identical* lawsuit in state court, reintroducing the security-screening allegations removed from the FAC. Plaintiff, in his Opposition, glosses over this fact by stating that "prior to amending the Complaint and filing the FAC, Plaintiff had pled that he and class members were required to spend time in line waiting to go through the security screening which adversely impacted their rest and meal periods. Plaintiff amended the Complaint and deleted that fact which remained in the PAGA complaint filed in state court." (Dkt. 31 at 8.) Plaintiff is multiplying proceedings in both the federal and state courts simply because he wants to split his claims and forum shop. The Court should not reward these tactics—Plaintiff has chosen where to place his actual allegations regarding alleged security screening wait times, and it is not in this lawsuit with this Court.[1] There is no reason for this Court to entertain this lawsuit when the three other related cases (*Trevino*, *Ward*, and *Palma*) are more advanced, and when Plaintiff has cast his lot on his security-screening claims in state court.

Of course, Plaintiff's tactical removal of the security screening allegations has left the FAC barren of the factual substance necessary to state a claim for relief. As Defendants explain next, the FAC fails on its face to state a claim as to any cause of action, Plaintiff's Opposition notwithstanding and should be dismissed with prejudice.

## II. THE FAC FAILS TO STATE A CLAIM AND SHOULD BE DISMISSED

Defendants' Motion sets forth the insufficiencies of each cause of action in the FAC. Plaintiff's Opposition does nothing to refute these points.

### A. Plaintiff's Overtime Claim Should Be Dismissed

Plaintiff's Opposition does not cite even once to the FAC to show any factual matter pleaded in support of his overtime claim. As shown in Defendants' Motion, the FAC fails to meet the pleading standard set out by the Ninth Circuit in *Landers* for an overtime claim because

---

[1] Plaintiff argues that "Defendants' Motion to dismiss the FAC with prejudice also runs counter to their own admission and asserted basis for stipulating to transfer venue of the FAC to this Court." (Dkt. 31 at 5.) However, the parties never premised the transfer of this lawsuit to this Court on the merits or sufficiency of any of Plaintiff's claims, but rather, on the similarity among the causes of action asserted by Plaintiff against the same defendants as in *Trevino*, *Ward*, and *Palma*. Indeed, the relatedness of the various cases makes this Court better-positioned than the Central District of California to assess Plaintiff's similar causes of action against the same Defendants and decide whether this Plaintiff—among the multiple other overlapping lawsuits—has pleaded sufficient factual matter.

it fails to allege any specific workweek in which Plaintiff purportedly worked overtime or was otherwise not paid wages due. In *Landers v. Quality Communications, Inc.*, the Ninth Circuit affirmed dismissal of claims for unpaid minimum and overtime wages because "at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess in that workweek, or was not paid minimum wages." 771 F.3d 638, 646 (9th Cir. 2014), *as amended* (Jan. 26, 2015). Here, Plaintiff failed to do so as well.

In arguing that a plaintiff may satisfy his pleading burden by alleging that the defendant is in control of the details of compensation (Dkt. 31 at 7), Plaintiff misunderstands *Landers*. The Ninth Circuit in *Landers* held precisely the opposite. The Ninth Circuit stated that "most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendant," and for this reason the court "decline[d] to make the approximation of overtime hours the sine qua non of plausibility for claims." *Landers*, 771 F.3d at 645. Accordingly, the Ninth Circuit adopted a less stringent pleading standard under which a "plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." *Id.* The panel went on to hold that, at a very minimum, a plaintiff must allege he worked more than forty hours in a specific workweek without being compensated for the hours worked in excess of forty during that workweek. *Id.*

Here, even on his second attempt, Plaintiff fails to allege any workweek in which he worked uncompensated overtime or was not otherwise paid wages owed. The Court should therefore dismiss his first cause of action.

### B. Plaintiff's Meal- and Rest-Break Claims Should Be Dismissed

Again, Plaintiff's Opposition cites to *no* factual allegations in the FAC that support his second and third causes of action regarding meal and rest breaks. In his Opposition, Plaintiff merely repeats the vague generalization that "Plaintiff also alleges that he and class members were not provided with a second thirty (30) minute meal period when they worked over 10 hour shifts . . . and that he and class members were not provided or authorized and permitted to take a

third ten (10) minute rest period when they worked shifts over 10 hours as also required by law." (Dkt. 31 at 8.)  When?  How?  There are *no substantive allegations* that make these claims plausible.  For example, Plaintiff does not allege if, much less how, Defendant Amazon.com LLC (with whom Plaintiff has no relation whatsoever because Defendant Golden State was his employer) failed to provide him with meal or rest breaks.  The Court should dismiss Plaintiff's meal and rest break claims because his conclusory allegations are insufficient to state a claim. *Schneider v. Space Sys./Loral, Inc.*, No. 5:11-CV-02489-JF, 2011 WL 4344232, at *2 (N.D. Cal. Sept. 15, 2011) ("Such 'naked assertions devoid of further factual enhancement' are insufficient to state a claim" under Cal. Labor Code sections 226.7 and 512.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### C. Plaintiff's Remaining Derivative Claims Should Also Be Dismissed

Plaintiff fails to identify any factual allegations that independently support his fourth cause of action (alleged failure to timely pay wages due at termination), his fifth cause of action (alleged failure to provide accurate wage statements), or his sixth cause of action (unfair competition).  As such, and as Defendants argued in their Motion, these causes of action are entirely derivative of his first through third causes of action and fail along with them.

Instead of citing to factual allegations, Plaintiff makes two legal arguments in an attempt to salvage his fourth and fifth causes of action.  Regarding his waiting-time claim (his fourth cause of action), he cites to two state-court decisions interpreting the term "willful" on developed factual records; none of Plaintiff's cited authorities, however, relate to the federal pleading standard that Plaintiff must meet here.  Further, Plaintiff does not respond to the authorities cited in Defendant's Motion detailing that standard.[2]

---

[2] *See*, *e.g.*, *Sanchez v. Aerogroup Retail Holdings, Inc.*, No. 12-CV-05445, 2013 WL 1942166, at *14 (N.D. Cal. May 8, 2013) ("Plaintiff has, in essence, just restated the language of Section 203. Plaintiff has not alleged facts showing that [defendant] willfully refused to pay Plaintiff her wages after she was discharged or quit . . . Plaintiff's Section 203 claim must be dismissed . . . ."); *Brown v. Wal-Mart Stores, Inc.*, No. C 08-5221 SI, 2013 WL 1701581, at *8 n.4 (N.D. Cal. Apr. 18, 2013) (noting "conclusory allegations of willfulness, without further factual support, are insufficient").

1    Regarding his fifth cause of action, Plaintiff refers to the text of section 226, but again does not respond to the case law cited by Defendants interpreting the statute. *See Jones v. Spherion Staffing, Inc.*, No. LA CV11-06462, 2012 WL 3264081, at *7-9 (C.D. Cal. Aug. 7, 2012) (holding that Section 226 cannot be used to penalize an employer who failed to include disputed overtime and meal period premiums on a wage statement).

Further, Plaintiff concedes through his Opposition that "[t]he Sixth Cause of Action for violation of the UCL is derivative and based on the allegations underlying Plaintiff's other causes of action." (Dkt. 31 at 11.)  That claim too should be dismissed for the same reasons.

As such, Plaintiff's derivative claims also fail and should be dismissed.

### III.    A SECOND AMENDED COMPLAINT WOULD BE FUTILE

Dismissal of Plaintiff's FAC should be with prejudice, because Plaintiff has already amended his pleading once, and his proposed second amendment would be futile.  "[A] party's repeated failure to cure deficiencies constitutes a strong indication that the party has no additional facts to plead" and "that any attempt to amend would be futile." *Williams v. Castaneda*, No. 116CV0908MJSPC, 2016 WL 6459590, at *1 (E.D. Cal. Nov. 1, 2016) (collecting authorities) (quotations omitted), *aff'd*, 684 F. App'x 638 (9th Cir. 2017).  Courts in this District have thus routinely dismissed insufficiently pleaded claims with prejudice where, like here, further amendment would be futile.  *See, e.g.*, *Scharringhausen v. Cty. of Trinity*, No. 215CV00965JAMCMK, 2016 WL 1224135, at *4 (E.D. Cal. Mar. 29, 2016) (finding allegations in complaint to be "conclusory" and dismissing action with prejudice because "any further attempt to amend would be futile"), *appeal dismissed* (Mar. 29, 2017); *Randhawa v. Skylux Inc.*, No. CIV. 2:09-02304 WBS, 2013 WL 178182, at *4 (E.D. Cal. Jan. 16, 2013) (dismissing claims "with prejudice and without leave to amend because further amendment would be futile"); *Givant v. Vitek Real Estate Indus. Grp., Inc.*, No. 2:11-CV-03158-MCE, 2012 WL 5838934, at *7 (E.D. Cal. Nov. 15, 2012) (similar).

Contrary to what Plaintiff's Opposition might seek to imply, Defendants have *not* "agreed" to the filing of a Second Amended Complaint.  (*See* Dkt. 31 at 5 ("Plaintiff's counsel has talked with Defendant's counsel and agreed to add more tails to the allegations . . . .")).  In

any event, even if filed, the Proposed Second Amended Complaint ("SAC") that Plaintiff recently sent to Defendants' counsel would be futile, as it adds none of the factual allegations necessary to plead an overtime, meal-break, or rest-break claim. *See* Declaration of Roberta H. Kuehne, ¶ 2, Ex. A.

The SAC adds the following allegations:

> 16. Defendants' fulfillment centers are very large facilities. The location to clock in and out for work is often a significant distance from where Plaintiff and Class Members begin their work shift. Plaintiff and Class Members are numerous and must therefore wait in line to enter and exit the facilities.
>
> 17. Defendant requires Class Members to report for duty at a certain time for the beginning of their shift. Plaintiff and Class members have to clock in before that, and then get to the location to report for the beginning of their shift, which can take several minutes. Similarly, when a shift ends, Plaintiff and class members have to travel to the location at Defendant's facility to clock out, which takes several minutes. Defendant does not provide Plaintiff and class members with time to clock-in and clock-out, and travel to the location to report for work, in scheduling Plaintiff and Class members shifts.
>
> 18. Plaintiff was typically scheduled to work shifts which were scheduled to begin at 5 p.m. and end at 3:30 a.m. However, because of, among other reasons, Defendant's policy of not scheduling enough time for Plaintiff and Class Members to clock in and arrive at the location to report for their shift, or clock out at the end of their shift, Plaintiff frequently clocked in approximately five minutes before 5 p.m. and approximately two to four minutes after 3:30 a.m. for which he did not receive compensation.
>
> 19. During several months in or about November, December and January due to the high volume of orders and work load requirements, Plaintiff worked shifts over 11 hours from 5 p.m. to 4 a.m.
>
> 20. During the relevant time frame, Defendants have had a bonus policy in which Plaintiff and similarly situated Class Members received a non-discretionary monthly bonus based on the percentage of boxes scanned. Plaintiff is informed and believes that Defendants failed to include bonus payments in the calculation of overtime wages.

(*Id*. at 5-7.) The SAC also adds a mention of "travel[ing] significant distance from the[] work station" in connection with the meal- and rest-break allegations from the FAC. (*Id*. at 7.) Even with these new allegations, two essential factual allegations are missing from the SAC: (1) *at least one instance* in which Plaintiff was not paid owed compensation or provided a meal or rest

break; and (2) *a plausible factual scenario* suggesting *how* and *why* Defendants failed to pay him that compensation or provide him the specified meal or rest break in at least one instance.  The new allegations in the proposed SAC vaguely refer to "very large facilities" and a "significant distance" that Plaintiff allegedly had to walk, but the SAC also fails, again, to allege any specific workweek in which a Labor Code violation occurred, instead alleging only that "Plaintiff was *typically* scheduled to work shifts" at a particular time.  (*Id*. at 6 (emphasis added).)

In fact, the SAC goes so far as to contradict itself, as the working time put at issue by the SAC is unambiguously *on the clock*: "Defendant requires Class Members to report for duty at a certain time for the beginning of their shift.  Plaintiff and Class members have to *clock in before that*, and then get to the location to report for the beginning of their shift . . . ."  (*Id*. (emphasis added).)  Plaintiff goes on to allege that "Defendant does not provide Plaintiff and class members with time to clock-in and clock-out," but this does not make sense—how does Defendant "not provide . . . time" if Plaintiff is clocked-in?  The futility of the SAC is clear when these new allegations are contrasted with the existing, unchanged allegation that "Plaintiff and Class Members were required by Defendant to spend several minutes each day *off-the-clock* . . . ."  (*Id*. at 7 (emphasis added).)  So which is it—did Plaintiff work on-the-clock, or off?  The self-contradictory nature of the SAC would warrant dismissal, making the filing of the SAC futile.  *See, e.g.*, *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, No. 16-CV-00253-WHO, 2016 WL 6393503, at *5 (N.D. Cal. Oct. 28, 2016) (collecting authorities for the proposition that "[c]ourts may dismiss a claim as not plausible where its supporting factual allegations are contradictory")).

The SAC, like the FAC, is a complaint in search of a violation, and the Court should not entertain a third attempt.

## CONCLUSION

With the numerous related cases already pending before this Court, as well as in the MDL—not to mention Plaintiff's duplicative state-court lawsuit—the Court need not entertain a third version of Plaintiff's Complaint here.  Plaintiff has shown that he cannot plead factual allegations to support his claims, and has instead engaged in a course of tactical amendment and forum-shopping that does nothing to advance his claims.  The Court should dismiss Plaintiff's

1  FAC for failure to state a claim on its face, and dismissal should be with prejudice because
2  Plaintiff has not shown that he has anything more to offer.

Dated: July 31, 2018                                   MORGAN, LEWIS & BOCKIUS LLP


                                                       By  */s/ Roberta H. Kuehne*
                                                           Barbara J. Miller
                                                           Roberta H. Kuehne
                                                           Alejandro D. Szwarcsztejn
                                                           P. Bartholomew Quintans

                                                           Attorneys for Defendants
                                                           AMAZON.COM, LLC and
                                                           GOLDEN STATE FC LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA