UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN C. AVALOS,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM LLC and GOLDEN STATE FC LLC,<br><br>Defendants. | No. 1:18-cv-00567-DAD-BAM<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Doc. No. 27) |

This matter comes before the court on defendants' May 10, 2018 motion to dismiss plaintiff's first amended complaint ("FAC") for failure to state a claim on which relief can be granted. (Doc. No. 27.) Plaintiff filed an opposition to this motion on July 25, 2018, and defendants replied on July 31, 2018. (Doc. Nos. 31, 32.) The court heard argument on August 7, 2018, with attorney Isandra Fernandez appearing on behalf of plaintiff and attorney Roberta Kuehne appearing on behalf of defendants. For the reasons discussed below, the court will grant the motion to dismiss with leave to amend.

**BACKGROUND**

This case was originally filed in Riverside County Superior Court on January 12, 2018, and removed to the U.S. District Court for the Central District of California on March 6, 2018. (Doc. Nos. 1, 1-1.) Plaintiff filed the FAC on April 19, 2018. (Doc. No. 22.) The case was

1

transferred to this court pursuant to the stipulation of the parties on April 26, 2018, and thereafter assigned to the undersigned. (Doc. Nos. 24, 25.)

Plaintiff's FAC alleges as follows. Defendant Amazon.com owns warehouses, commonly called "fulfillment centers," from which products bought online are shipped. (Doc. No. 22 at ¶ 13.) Defendant Golden State operates these fulfillment centers for Amazon.com in California. (*Id.* at ¶ 14.) Plaintiff worked at defendants' fulfillment center in Moreno Valley, California from July 2016 to May 2017, working in the "out bound" department, which processes packages slated for distribution. (*Id.* at ¶ 15.) According to plaintiff, defendants had a policy of "failing to pay all wages due under its bonus policies," and failing to "include bonus payments in the calculation of overtime wages." (*Id.* at ¶ 16.) Plaintiff was "frequently required to work in excess of five (5) hours without a minimum thirty (30) minute meal period due to the fact the numerous employees were required to wait in line waiting to exit the facility to take their scheduled thirty (30) minute meal break." (*Id.* at ¶ 18.) Additionally, plaintiff was "not provided with a second minimum 30 minute meal period when [he] worked in excess of ten (10) hours." (*Id.*) Furthermore, "[d]ue to the distance that Non Exempt Employees had to walk in order to take their rest breaks and the time spent waiting in line to exit for their breaks, Plaintiff and Class Members were frequently required to work without being permitted or authorized a minimum ten (10) minute rest period for every four hours or major fraction thereof." (*Id.* at ¶ 19.) Plaintiff also was not provided a third rest break when he worked more than ten hours in a day. (*Id.*)

Plaintiff presents six causes of action in the FAC: (1) failure to pay overtime wages in violation of Labor Code §§ 1194 and 1199; (2) failure to provide lawful meal periods in violation of Labor Code §§ 226.7 and 512; (3) failure to provide lawful rest periods in violation of Labor Code § 226.7; (4) failure to pay wages due at termination in violation of Labor Codes §§ 201–03; (5) failure to provide accurate itemized wage statements in violation of Labor Code § 226(b); and (6) violation of California's unfair competition law codified at Business & Professions Code §§ 17200–08. (*Id.* at 11–16.)

/////

/////

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

/////
/////
/////
/////

**ANALYSIS**

Defendants move to dismiss each of plaintiff's causes of action for failing to allege facts sufficient to state a claim. Plaintiff's overtime, meal period, and rest break claims will be discussed below.[1]

*1. Overtime Claim*

Defendants move to dismiss plaintiff's first cause of action for failure to pay overtime, arguing that plaintiff has not alleged sufficient facts to state a claim under the standard set forth by the Ninth Circuit in *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014). (Doc. No. 27 at 9–10.) In particular, defendants maintain plaintiff must allege specific instances in which he has not been adequately compensated for overtime work. (*See id.* at 10) ("[Plaintiff] cannot name a single specific occasion on which he was not compensated for overtime worked, nor can he name a pay period in which he was wrongfully underpaid overtime."). Plaintiff contends that the decision in *Landers* does not require him to allege any facts in addition to those already alleged. (Doc. No. 31 at 6–7.) While plaintiff need not allege specific instances in which he has been inadequately compensated for overtime, the court concludes that this cause of action must nonetheless be dismissed for the reasons discussed below.

*Landers* concerned the sufficiency of a pleading alleging failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"). *See* 771 F.3d at 641. While plaintiff's claims in this case are premised on California law, instead of the FLSA, numerous courts in the Ninth Circuit have nevertheless found *Landers* instructive as to the pleading standard applicable to such claims. *See Yang v. Francesca's Colls., Inc.*, No. 17-cv-04950-HSG, 2018 WL 984637, at *8 (N.D. Cal. Feb. 20, 2018) ("Federal courts considering claims under the California Labor Code apply the standard set forth in *Landers* . . . , which involved claims under the Federal Labor Standards Act ('FLSA')."); *see also Suarez v. Bank of Am. Corp.*, No. 18-cv-01202-MEJ, 2018 WL 2431473, at *4 (N.D. Cal. May 30, 2018) (same). In *Landers*, the Ninth Circuit held that, "in

---

[1] Plaintiff does not dispute that his fourth, fifth, and sixth causes of action are derivative of these first three causes of action. (*See* Doc. No. 31 at 9–11.) These causes of action will therefore not be analyzed separately.

order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." 771 F.3d at 644–45. The court described the amount of factual detail that must be alleged as "context-specific," stating:

> A plaintiff may establish a plausible claim by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility. Obviously, with the pleading of more specific facts, the closer the complaint moves toward plausibility. However, like the other circuit courts that have ruled before us, we decline to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA. After all, most (if not all) of the detailed information concerning a plaintiff-employee's compensation and schedule is in the control of the defendants.

*Id.* at 645 (internal citations omitted). The Ninth Circuit held that the plaintiff in *Landers* had failed to sufficiently plead an overtime claim because there was an absence of "any detail regarding a given workweek when Landers worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages." *Id.* at 646. A plaintiff "should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id.*

Since the decision in *Landers*, federal courts in this state have varied in defining precisely what allegations are sufficient to state such a claim. *See Sanchez v. Ritz Carlton*, No. CV 15–3484 PSG (PJWx), 2015 WL 5009659, at *2 (C.D. Cal. Aug. 17, 2015) ("In *Landers*' wake, courts have offered varying and possibly inconsistent standards for stating wage-and-hour claims under California law."); *see also Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1007–08 (N.D. Cal. 2016) ("On the one hand, *Landers* clarifies that mere conclusory allegations that class members 'regularly' or 'regularly and consistently' worked more than 40 hours per week—without any further detail—fall short of *Twombly*/*Iqbal*. . . . On the other hand, *Landers* does not require the plaintiff to identify an exact calendar week or particular instance of denied overtime; instead, the allegations need only give rise to a plausible inference that there was such an instance."). Typically, courts have found such a claim sufficiently pleaded in a complaint so long as the

plaintiff has alleged *facts* that support a plausible inference, rather than merely alleging a bare violation of the statute or parroting the statutory language. *See, e.g.*, *Kries v. City of San Diego*, No. 17-cv-1464-GPC-BGS, 2018 WL 3455996, at *3–4 (S.D. Cal. July 18, 2018) (allegations that plaintiffs had worked more than 40 hours per week in 140 and 75 weeks but that certain cash payments had not been included in calculating the overtime rate was sufficient to state a claim); *Bush v. Vaco Tech. Servs., LLC*, No. 17-cv-05605-BLF, 2018 WL 2047807, at *9 (N.D. Cal. May 2, 2018) (concluding plaintiff's "bare assertion that she 'regularly' worked more than the statutory requirement is conclusory and insufficient under the standard set forth in *Landers*"); *Martinez v. John Muir Health*, No. 17-cv-05779-CW, 2018 WL 1524063, at *3 (N.D. Cal. Mar. 28, 2018) (finding claims sufficiently alleged where the complaint "does not merely 'parrot the statutory language of the FLSA'") (quoting *Landers*, 771 F.3d at 643); *Heck v. Heavenly Couture, Inc.*, No. 3:17-CV-0168-CAB-NLS, 2017 WL 4476999, at *4 (S.D. Cal. Oct. 6, 2017) (allegations that plaintiff worked "more than forty hours" and was not adequately compensated were insufficient to state overtime claim); *McMillian v. Overton Sec. Servs., Inc.*, No. 17-cv-03354-JSC, 2017 WL 4150906, at *2–3 (N.D. Cal. Sept. 19, 2017) (allegations that plaintiff worked "in excess of eight hours in a day" insufficient to state an overtime claim); *Brum v. MarketSource, Inc.*, No. 2:17–cv–241–JAM–EFB, 2017 WL 2633414, at *2 (E.D. Cal. June 19, 2017) (allegations that plaintiff had to "perform between 10 to 15 minutes of off-the-clock work during meal breaks, three to four times per week" and "worked shifts in excess of eight hours one to two times per week" were sufficient to state overtime and minimum wage claims); *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 942 (N.D. Cal. 2016) (concluding plaintiff's complaint failed to state an overtime claim because it "fail[ed] to provide any factual information regarding whether he worked more than forty hours in any given workweek"). Additionally, several courts have noted that a plaintiff need not allege particular examples of overtime and minimum wage violations in order to state a claim following *Landers*. *See Tan*, 171 F. Supp. 3d at 1007–08; *Varsam v. Lab. Corp. of Am.*, 120 F. Supp. 3d 1173, 1178 (S.D. Cal. 2015) ("Other courts have agreed that plaintiffs need not plead particular instances of unpaid overtime before being allowed to proceed to discovery."); *see also Bush v. Vaco Tech. Servs., LLC*, No. 17-cv-05605-BLF, 2018

WL 2047807, at *9 (N.D. Cal. May 2, 2018) (noting plaintiff "need not identify a calendar week or particular instance where she was denied overtime wages"). *But see Reed v. AutoNation, Inc.*, No. CV 16-08916-BRO (AGRx), 2017 WL 6940519, at *4–5 (C.D. Cal. April 20, 2017) (concluding *Landers* does not require allegations of a particular example of a minimum wage violation, but does require alleging a specific instance of an overtime claim).

Here, plaintiff alleges that defendants "did not include bonus payments in the calculation of overtime wages." (Doc. No. 22 at ¶ 16; *see also id.* at ¶ 36.) In general, California law requires that employers include bonus payments in calculating the employee's "regular rate of pay—and, derivatively, the employee's overtime pay rate—" so long as the bonus "is part of an employee's overall compensation package." *Alvarado v. Dart Container Corp. of Cal.*, 4 Cal. 5th 542, 554 (2018); *see also Chavez v. Converse, Inc.*, No. 15-cv-03746 NC, 2016 WL 4398374, at *1 (N.D. Cal. Aug. 18, 2016) ("Certain categories of bonuses require an employer to recalculate the 'regular rate' of pay, and as a result, recalculate the time-and-a-half overtime pay."); *Marin v. Costco Wholesale Corp.*, 169 Cal. App. 4th 804, 807 (2008) ("Because the nondiscretionary bonus at issue here increases the regular rate of pay, employees who worked overtime during the bonus period and were paid at 1.5 times their hourly rate (unaugmented by the bonus) during that time are entitled to additional overtime pay once the bonus is awarded."). The factual allegations included in plaintiff's FAC, however, are entirely conclusory and provide nothing beyond "an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The FAC does not allege any facts—such as the nature of the bonus payments at issue or even that plaintiff was actually paid any of these bonuses—that could support a claim that defendants failed to adequately calculate overtime rates by omitting bonus payments. Even the allegation that plaintiff worked overtime is conclusory, and does not allege facts—such as the typical schedule or the approximate number of hours worked during a given period—that could plausibly support a claim that plaintiff worked overtime. (*See* Doc. No. 22 at ¶ 17) ("At all times relevant, Plaintiff and Class Members routinely worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.").

/////

Plaintiff also alleges the defendants' "policies and/or practices resulted in Plaintiff and Non Exempt Employees spending time, off the clock, in excess of eight (8) hours in a workday and/or forty (40) hours in a workweek without receiving the proper compensation at the rate of time and one-half." (*Id.* at ¶ 35.) This allegation suggests plaintiff may be asserting an overtime claim based on defendants requiring plaintiff to work while off the clock. Again, however, the FAC does not include any factual allegations indicating how or when plaintiff was required to work off the clock, or what work he purportedly performed when required to do so. The only other potentially relevant factual allegation in the FAC alleges that plaintiff was required to wait in line to exit the facility, which resulted in him not receiving legally sufficient meal periods. (*See id.* at ¶ 18.) However, this factual allegation concerns plaintiff's meal and rest break claims addressed below, not off the clock work. Even if construed to relate to an overtime claim based on time spent working off the clock, plaintiff has not alleged facts explaining how waiting in line can constitute overtime, nor has he alleged any facts showing this waiting time was not compensated. In sum, plaintiff does not allege facts that would give rise to the conclusion that the time he spent waiting in line was compensable as overtime. Plaintiff's overtime claim must therefore be dismissed.

###       2.      *Meal and Rest Break Claims*

Similarly, plaintiff's meal and rest break claims must be dismissed as well.[2] The only particular, non-conclusory factual allegation plaintiff levels in his FAC is that employees had to walk some unspecified distance for some unspecified reason and wait in line to "exit for their breaks." (*Id.* at ¶¶ 18–19.) Generally speaking, in order to provide an employee with a sufficient meal break under California law, "an employer must relieve the employee of all duty for the designated period, but need not ensure that the employee does no work." *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1034 (2012). The same standard is applied to rest breaks. *See*

---

[2] The parties' briefs devote many pages to discussing the fact that certain claims—which concerned time spent waiting for security screenings—asserted in the original complaint were subsequently removed in the FAC and are being pursued separately in a concurrently pending state court action. (Doc. No. 27 at 7–8, 11–13; Doc. No. 31 at 7–9.) This court has no jurisdiction over cases pending in state court and offers no comment on claims that are no longer alleged in the operative complaint before this court.

*Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 270 (2016) ("[A] rest period means an interval of time free from labor, work, or any other employment-related duties. And employees must not only be relieved of work duties, but also be freed from employer control over how they spend their time."). All plaintiff has alleged here is that he walks some distance before he arrives at some other place where he takes his rest breaks, and that sometimes he must wait in line while doing so. This allegation is insufficient to provide any basis for concluding that defendants failed to relieve plaintiff of his work duties during this time and failed to provide him with meal and rest breaks required by California law. None of the allegations plausibly indicate that defendants failed to "relieve [plaintiff] of all duty for the designated period." *Brinker Rest. Corp.*, 53 Cal. 4th at 1034. To the extent plaintiff's meal and rest break claims are premised on walking and waiting in line, they must be dismissed.

Plaintiff notes in his opposition that he also alleged he was not provided with a second meal period or a third rest break when he worked more than ten hours. (Doc. No. 31 at 8.) The FAC alleges "Plaintiff and Class Members were not provided with a second minimum 30 minute meal period when they worked in excess of ten (10) hours." (Doc. No. 22 at ¶ 18.) Again, this allegation is simply a formulaic recitation of the applicable language used in California statutes and regulations. *See Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 958 (9th Cir. 2013) (citing Wage Order 4-2001). In his FAC plaintiff does not allege facts—such as his typical work schedule, job requirements, or other non-generic allegations—that plausibly indicate he ever worked more than ten hours in a shift. Plaintiff must do more than simply parrot back the statutory language, but rather must allege some facts which state a facially plausible claim. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.[3]

---

[3] Plaintiff's counsel noted at the hearing in this matter that several other complaints containing similar allegations have been allowed to proceed against these defendants, and suggested that because those cases have advanced past the pleading stage, this case should as well. Those cases are: (1) *Trevino v. Golden State FC LLC, et al.*, No. 1:18-cv-00120-DAD-BAM; (2) *Ward, et al. v. Amazon, et al.*, No. 1:17-cv-01300-DAD-BAM; and (3) *Palma v. Golden State FC, LLC*, No. 1:18-cv-00121-DAD-BAM. As noted at the hearing on the pending motion, this court typically must restrain its rulings to the arguments presented to it. In *Trevino* and *Ward*, defendants did not move to dismiss under Rule 12(b)(6). In *Palma*, defendants moved only to dismiss the plaintiff's claim that unpaid rest breaks were compensable under California Labor Code § 510, and the court

*3. Leave to Amend*

Plaintiff notes in his opposition that he can, if permitted, allege additional facts to clarify his claims, making them facially plausible. (Doc. No. 31 at 5; Doc. No. 31-1 at ¶ 4.) Defendants argue in reply that, while they were provided with a proposed second amended complaint by plaintiff's counsel, it would be futile to allow plaintiff to amend because that proposed second amended complaint does not cure the pleading deficiencies of the FAC. (Doc. No. 32 at 6–7.) Defendants have provided the court with a copy of the proposed second amended complaint with their reply. (*See* Doc. No. 32-1 at 4–22.)

The proposed second amended complaint provided to defense counsel includes several new, more specific factual allegations:

> 16. Defendants' fulfillment centers are very large facilities. The location to clock in and out for work is often a significant distance from where Plaintiff and Class Members begin their work shift. Plaintiff and Class Members are numerous and must therefore wait in line to enter and exit the facilities.
>
> 17. Defendant requires Class Members to report for duty at a certain time for the beginning of their shift. Plaintiff and Class members have to clock in before that, and then get to the location to report for the beginning of their shift, which can take several minutes. Similarly when a shift ends, Plaintiff and class members have to travel to the location at Defendant's facility to clock out, which takes several minutes. Defendant does not provide Plaintiff and class members with time to clock-in and clock-out, and travel to the location to report for work, in scheduling Plaintiff and Class members shifts.
>
> 18. Plaintiff was typically scheduled to work shifts which were scheduled to begin at 5 p.m. and end at 3:30 a.m. However, because of, among other reasons, Defendant's policy of not scheduling enough time for Plaintiff and Class Members to clock in and arrive at the location to report for their shift, or clock out at the end of their shift, Plaintiff frequently clocked in approximately five minutes before 5 p.m and approximately two to four minutes after 3:30 a.m. for which he did not receive compensation.
>
> 19. During several months in or about November, December and January due to the high volume of orders and work load requirements, Plaintiff worked shifts over 11 hours s [sic] from 5 p.m. to 4 a.m.

---

found they were not cognizable. *Palma*, No. 1:18-cv-00120-DAD-BAM, at Doc. Nos. 12, 32. In none of those cases, however, has the court ruled on any of the issues presented in this motion.

10

> 20. During the relevant time frame, Defendants had a bonus policy in which Plaintiff and similarly situated Class Members received a non discretionary monthly bonus based on the percentage of boxes scanned. Plaintiff is informed and believes that Defendants failed to include bonus payments in the calculation of overtime wages.

(*See id.* at 8–10.)

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, leave to amend need not be granted where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See Amerisource Bergen Corp. v. Dialysis W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971)); *see also Sonoma Cty. Ass'n of Retired Employees v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) ("[T]he consideration of prejudice to the opposing party carries the greatest weight.") (quoting *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

Defendants object that the additional factual allegations added in the proposed second amended complaint provided to them do not cure the problems with plaintiff's FAC, because they inherently contradict plaintiff's theory of liability. (Doc. No. 32 at 8.) This particular objection appears to be well-taken. It is far from clear to the court how plaintiff can claim the time he spent walking to his duty station was uncompensated while simultaneously noting that he clocks in *before* he walks to his duty station. (*See* Doc. No. 32-1 at 9) ("Defendant requires Class Members to report for duty at a certain time for the beginning of their shift. *Plaintiff and Class members have to clock in before that*, and then get to the location to report for the beginning of their shift, which can take several minutes.") (emphasis added). Moreover, the court is uncertain that these factual allegations fully clarify plaintiff's claims and would sufficient to withstand a second motion to dismiss. Nevertheless, the document defendant has provided to the court does not appear to reflect a final draft of plaintiff's second amended complaint. It is possible the draft

is not yet complete.  Moreover, plaintiff's FAC was filed pursuant to the parties' stipulation, and plaintiff has not yet sought or been granted leave to amend by the court.  Issues related to any proposed second amended complaint were not fully briefed here, nor is a final version of the proposed second amended complaint before the court.  It is apparent plaintiff has the capacity to allege additional, more specific facts and these allegations may allow him to state a cognizable claim.  Defendants have demonstrated no prejudice they will suffer if plaintiff is granted further leave to amend.  Given these considerations, the court will grant plaintiff leave to file a second amended complaint.  However, plaintiff is encouraged to ensure that all supporting facts known to him are alleged and that these facts make his claims plausible, since it is doubtful that further leave to amend would be granted absent a showing of compelling circumstances.

**CONCLUSION**

For the reasons given above, defendant's motion to dismiss (Doc. No. 27) is granted. Plaintiff is granted leave to file a second amended complaint within twenty-eight (28) days of service of this order.

IT IS SO ORDERED.

Dated: **August 14, 2018**

UNITED STATES DISTRICT JUDGE